## BURKITT v. VAIL.

(215 Pac. 887.)

**Costs—Disbursements Incurred by Reason of Recall of Mandate from Circuit Court must be Adjudicated There.**

After a mandate from the Supreme Court to the Circuit Court has been recalled and modified, any disbursements incurred by the parties by virtue of the first mandate accrued in the Circuit Court and must be adjudicated there; the Supreme Court having nothing to do with the class of expenditures in the first instance.

From Multnomah: W. N. GATENS, Judge.

Department 1.

MOTION TO RETAX COSTS DENIED.

For appellant, *Mr. Elmer E. Pettengill*.

For respondent, *Mr. Ralph A. Coan*.

PER CURIAM.—In the Circuit Court, the plaintiff recovered judgment in replevin and the defendant appealed, giving bond for stay of proceedings.

The judgment of the Circuit Court was affirmed on appeal and, by inadvertence, judgment in this court was entered for the recovery from the defendant and his surety of the damages awarded plus the

value of the property, absolutely and at all events, and not in the alternative of permitting a return of the property as *pro tanto* satisfaction of the judgment. A mandate to the Circuit Court was sent down accordingly. The plaintiff issued execution and proceeded to satisfy the judgment out of the property of the surety. At this juncture, after some delay, the defendant moved to recall the mandate and to correct the judgment so as to correspond with the decision embodied in the opinion filed in the case in this court. This motion was allowed and the judgment corrected so as to allow recovery of the value of the property only in the alternative that delivery of it could not be had, and an amended mandate was sent to the Circuit Court.

The plaintiff now moves here to retax the costs and to permit him to file a supplemental cost bill for disbursements incurred in pursuance of the original mandate because of the delay of the defendant in moving to recall that instrument.

Whatever disbursements were incurred by virtue of the first mandate accrued in the Circuit Court and must be adjudicated there. In such a case, the Supreme Court has nothing to do with that class of expenditures in the first instance. The motion is denied.                                     MOTION DENIED.